UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BAILEY,
    Petitioner,

v.                                          Case No. 8:21-cv-2230-KKM-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Petitioner John Bailey responded to the Court's order to show cause why his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 should not be dismissed. (Doc. 19.) Upon consideration, the Court dismisses the petition. Furthermore, a certificate of appealability is not warranted.

## I.    BACKGROUND

Bailey initiated this action by filing his § 2254 petition. (Doc. 1.) Bailey challenges the judgment entered in case number 15-12176-CF, a state court criminal case filed in 2015. A state court jury convicted Bailey of sale or delivery of hydrocodone. (Doc. 15-2, Ex. 3.) He was sentenced on March 13, 2018, to a term of 30 months in prison, concurrent with any other sentence he was serving. (*Id.*, Exs. 4, 5.) He was awarded 616 days (approximately 20.5 months) of credit for time served. (*Id.*, Ex. 5.)

## II.   RESPONDENT'S MOTION TO DISMISS

Respondent moves to dismiss Bailey's petition for lack of jurisdiction on the basis that Bailey did not meet § 2254(a)'s "in custody" requirement because his sentence for the challenged state court conviction fully expired before he filed the petition. (Doc. 15.) *See* 28 U.S.C. § 2254(a) (stating that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). After the sentence for a conviction fully expires, a petitioner is no longer "in custody" for purposes of challenging that conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The "in custody" requirement is jurisdictional. *Diaz v. Fla. Fourth Judicial Circuit*, 683 F.3d 1261, 1263 (11th Cir. 2012).

Bailey responds to the motion to dismiss, admitting that he fully served the sentence for his 2015 case before he filed this § 2254 petition on September 15, 2021. (Doc. 17.) Bailey argues, that he nevertheless meets the "in custody" requirement. Bailey asserts that the offense charged in his 2015 case occurred while he was on conditional release on other, earlier state court criminal cases. Because the 2015 case led to the revocation of conditional release on the earlier cases and Bailey remains in custody on those convictions (and Respondent acknowledges that to be true, (Doc. 15, pp. 2, 4)), Bailey argues that he satisfies the "in custody" requirement. Bailey provided documentation showing that, in

November 2015, the Florida Commission on Offender Review issued a warrant for retaking him on the basis that he violated terms of his conditional release, including by using and/or possessing hydrocodone as charged the challenged 2015 state court case. (Doc. 17-1.)

Under these circumstances, the Court determined that Bailey met the "in custody" requirement for purposes of § 2254. *See Lackawanna Cnty Dist. Att'y v. Coss*, 532 U.S. 394, 401-02 (2001) (explaining that a petitioner who challenged his expired sentence satisfied § 2254's "in custody" requirement when his petition could be construed as asserting that another sentence he was still serving was enhanced by the allegedly invalid expired sentence); *see also Green v. Price*, 439 F. App'x 777, 782 (11th Cir. 2011) (concluding that a petitioner was "in custody" when his § 2254 petition challenging an expired state conviction could be interpreted as asserting a challenge to a current sentence that was enhanced by the expired conviction).

Accordingly, the Court denied Respondent's motion to dismiss for lack of jurisdiction. (Doc. 18.) However, the Court directed Bailey to show cause why his petition should not be dismissed on the basis that an expired conviction is considered valid and is not subject to attack unless certain circumstances apply. (*Id.*) In *Lackawanna*, the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were

available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." 532 U.S. at 403-04.

*Lackawanna* recognized "an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*." *Id*. at 404. *Lackawanna* also acknowledged, without deciding, that another exception might be available if a petitioner "obtain[s] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id*. at 405-06.

The Court noted that Bailey did not argue that he was denied counsel in violation of his Sixth Amendment rights as set forth in *Gideon*, nor did he clearly allege new compelling evidence of his actual innocence. (Doc. 18, p. 4.) The Court directed Bailey to show cause why his petition should not be dismissed under *Lackawanna*. (*Id*.)

III. <u>ANALYSIS</u>

The Court must determine whether the petition is due to be dismissed even though Bailey satisfies the "in custody" requirement for purposes federal habeas jurisdiction. In his

response, Bailey appears to assert that the new law offense in his 2015 case did not "enhance" his other sentences but instead caused a revocation of conditional release. It is not apparent how Bailey's argument supports his contention that his § 2254 petition should not be dismissed, as this issue concerns the "in custody" requirement.[1] To the extent Bailey believes that the framework set out in *Lackawanna* does not govern his petition, he is mistaken. Moreover, Bailey fails to show another means by which he could satisfy the "in custody" requirement and bring a § 2254 challenge to his expired sentence.

As addressed, Bailey's petition is barred from review unless he shows applicability of an exception due to the denial of counsel in violation of his Sixth Amendment rights or new compelling evidence of his actual innocence. *See Lackawanna*, 532 U.S. at 404-06. Bailey does not allege that he was denied counsel. And while he makes a generalized statement that he is actually innocent, Bailey does not provide any new compelling evidence of his actual innocence. (Doc. 19, p. 2.) Accordingly, the Court concludes that Bailey has

---

[1] Further, although Bailey contends that his other sentences were not "enhanced," the new law offense in the 2015 case impacted the manner in which Bailey's other sentences are being carried out because it led to the revocation of conditional release. These circumstances are comparable to the facts in *Green*. There, the prisoner received a suspended prison sentence and a split sentence of three years of probation and eighteen months of weekends in jail for a felony conviction. *Green*, 439 F. App'x at 779. While on probation, he committed a misdemeanor. *Id*. His felony probation was revoked for violation of the probationary terms, including commission of the new misdemeanor offense, and his suspended prison sentence was reinstated. *Id*. at 779-80. The prisoner met the "in custody" requirement when he filed a § 2254 petition challenging the expired misdemeanor sentence because the petition concerned his reinstated prison sentence for the felony case. *Id*. at 782. Similarly, Bailey's new law offense in his 2015 case led to a revocation of conditional release and current confinement regarding his other cases.

not demonstrated that his expired sentence is subject to challenge under § 2254. Bailey's petition is therefore dismissed.

## IV. WRIT OF ERROR CORAM NOBIS

To the extent Bailey argues within his response to the motion to dismiss that this Court should alternatively issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a), such relief is not available to challenge the validity of a state court judgment. The writ of error coram nobis is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). But the writ is not available if there is or was another mechanism to obtain relief. *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Moreover, the writ cannot be issued based on a challenge to the validity of a state criminal judgment. *See Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968).

## V. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Bailey must show that reasonable jurists would find debatable both the merits of the underlying claims and the

procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Bailey has not made the requisite showing. Finally, because Bailey is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Bailey's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. The **CLERK** is directed to enter judgment against Bailey and in Respondents' favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 12, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge